Good afternoon. My name is Lisa Bizant, and I have the pleasure of representing the appellant in this case, Jesse Vardaro. And I would like to reserve the last two minutes of my argument for any possible rebuttal. This appeal is about the Sexual Offender Registration and Notification Act, otherwise known as SORNA. Specifically, we are looking at the duty of an individual to update his employment or student status. In this case, Mr. Vardaro was convicted of failing to register as a sexual offender in Montana when he was working in Glendive for a period of a couple months. He had been registered and was in full compliance in the state of Michigan. As a way of background, in 1989, Mr. Vardaro, as a 19-year-old individual, was convicted of indecency with a child by contact. The complainant in that case was a 15-year-old female friend. The problem is, it's a sympathetic case, but whatever those facts may be, there's no question that he was obligated to register as a sex offender in, let's say, in Montana, or wherever he lived regularly. So the only question is, was he required to register because he was also living or working in, I'm sorry, in Michigan is where he regularly lived. Is there any question about he was required to register also if he lived or worked in Montana? That is the question. And our position is, no, he was required to register and live there 11 months a year. Worked and lived there 11 months a year. Would there be any question? Well, then I think it would be a much closer question, Your Honor. A much closer question. Because in that case, he would be evidencing some intent to actually change something. And that's the key. Change. So your position is he only has to register in one state? Well, I think you can only reside in one state. Okay. And what about employment? Well, I think you can, at least in Michigan, employment wasn't relevant. Employment had no bearing. I believe the testimony from the transcript would be that Karen Johnson, the registry coordinator for the state of Michigan, indicated that employment has no bearing. As long as you are living in a place and keeping your stuff there, that's where you reside. Is your position that you don't have to register if you're employed in a state? Well, can you register in two places at one time? Can you be employed in the state of Montana, but reside in the state of Michigan? Well, that's what I'm asking. Is that your position, that you can't be employed except in the state in which you reside? I think that you can be registered in one place. Okay. Well, let me ask you a more difficult question. The judge made findings that he was employed in Montana and, therefore, he was in violation. And as I understand the briefs, you did not challenge that finding that he was employed in Montana. Is that correct? I believe the judge's finding was that he was an employee of Dawson Geophysical in Glendive, Montana, in November and December. He was an employee. He had been an employee of Dawson Geophysical for over four years, going all over the United States, depending on the upswing of the oil and gas industry. But there is a finding in the district court that he was employed in Montana. That he was an employee of Dawson Geophysical in Montana, yes. Well, it says he worked continuously in Montana from October 28, 2007, to January 7, 2008. That's a specific finding. And that is where the crew was located, in Montana. Okay. I want to go back to your statement that a person only has to register in one place. How does that square with the regulations that require current registration in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student? I believe that an offender has, that the purpose of SORNA is to keep track of an individual. And if the offender... It's also to give local people who may come into contact with that person information. So if someone lives in Vancouver, Washington, and works in Portland, Oregon, they're present in both locations every day. So they just get to pick one of those. In your view, they don't have to follow this regulation? I believe the regulation needs to be specific so that we can keep track of an individual. But yet, are we to the point where we want to have a GPS on people after a bright line three days? For example, if you're traveling on vacation and you have no intent to change, SORNA doesn't mandate that you have to... No, but it says everywhere you reside, everywhere you're an employee. It doesn't say everywhere you go on vacation. So that's kind of a non-issue, isn't it? Well, no. I think that it still goes back to the purpose of what SORNA is, which is the idea to implement a system whereby we can keep track of individuals who are registered sex offenders so that they don't fall through the cracks. In this case, Mr. Vardero was not a missing sex offender as he was told to register for the past four years in Michigan. Isn't your argument, then, that you think the regulation is invalid or unconstitutional or whatever it is? Did you make that argument? Our argument has not ever been that this is... Well, I shouldn't say it has never been. Initially, it was our argument that this was an unconstitutional mandate. But in light of the courts, the standard of the case law in this particular circuit with the George case, the arguments of Commerce Clause and Ex Post Facto are not being brought up, or for that matter, the failure of any individual state to implement... I'm not saying the Ex Post Facto, the Commerce Clause, whatever happens with those cases in the Supreme Court or anywhere else. The question is, you are... Judge Graeber read you the regulation, and the regulation would appear to say that you have to register in each state that you're employed or living. And it seems to be that under the regulation, you'd have to register in more than one state. And your argument would seem to be that that's not the statute, and therefore, the regulation is invalid. But you haven't suggested that to us or to the district court. Nor was I attempting to do that, Your Honor. We did not make the argument. Then what do you do about the regulation? In this individual case, we have a unique set of circumstance where we had an individual who began registering in 2004 in compliance with the state of Michigan. And then in 2006, along comes SORNA, and suddenly, things have changed. But yet, this individual was never told about the change. He's still in compliance with Michigan, even after 2006. It wasn't until 2008 when he comes into Glendive, and then suddenly, you're here for more than three days, you should have registered in Montana. How is he to even know about that when, as far as he knows, he's in compliance in Michigan, which is his home. That is his home. That's where he keeps his stuff. That's where he habitually sleeps. And that's what the definition of resides is, where your home is, where you habitually sleep, where you reside. That's our argument. But it is not to overturn SORNA. It is not to look at any constitutional arguments. It's as to Mr. Bardero. He had not changed. The regulation either, you don't want to overturn the regulation. Then, you have to say that either he didn't have notice, and that's a constitutional violation, or you have to say the regulation doesn't mean what it appears to mean. What is your argument? As to Mr. Bardero, he was not in violation of the statute, because there had not been a change in his employment, or his residence, his name, or his student status. And as to him, when he was first registered, employment was not important. They only looked at residency, and at no time did he know that he needed to change it. So I guess an answer to your question, Judge, is that it isn't to say that the statute is invalid, but perhaps that he didn't know about those things. He's in compliance. He's not a missing sex offender, which is exactly what SORNA was intended to solve. Thank you, Counsel. Thank you. May it please the Court and Counsel, again, I'm Marcia Hurd from the U.S. Attorney's Office for the District of Montana. I tried this case below and wrote the brief. Congress has said under 42 U.S.C. section 16913A, that a sex offender who qualifies, and there's no question here that Mr. Bardero qualifies, must register and keep current in each jurisdiction where the is an employee and is a student. So there are three places that a person must be registered in, not one. Congress has decided that under SORNA. So in a jurisdiction such as Montana, you can have a person who lives in Billings, who works in Wyoming, who goes to school in North Dakota. That person must, by the law Congress passed in SORNA in 2006, register in all three locations. In this case, the factual findings that the district court made are reviewed for clear error. And there is no clear error here. The defendant stipulated that he worked in Montana as part of a trial stipulation. The district court found that he was an employee in Montana from October 28th, 2007 until his arrest and the charges in the case on January 7th of 2008. He only stopped being an employee at that period of time because he was arrested and placed in custody. Does a defendant in that situation have to be advised or informed of his registration obligations? Ignorance of the law is no defense. And he was not in compliance with Michigan's registration requirement. The Michigan person was very clear about the fact that if, in fact, they had known he was working for the periods of time that he was out of the state of Michigan, that they would have transferred his registration somewhere else because he was no longer considered to be a resident of Michigan when he was working for periods of time elsewhere. Mr. Bardaro simply can't say that he habitually laid his head in Michigan because he was not living in Michigan. He got mailed there and his truck was registered there. But he was paying Montana taxes on the Montana income. He was sleeping in Dawson County, in Glendive, at the hotel room that he had every night when he lived there. And the judge made that specific finding. Does Michigan law require notification of a change in employment? Yes, they do. Was this a change in employment in your view? He never told them that his employment required that he go for long periods of time elsewhere. It's not like he was working at McDonald's in a specific place in Michigan all the time and that was his employment. What the registration person from Michigan said was, had we known this was the way his employment worked, he would have been completely out of compliance and he should have been registering elsewhere because he was no longer considered to be a resident of Michigan. So Michigan law would have required him to register in Montana? Yes, or wherever it was that he was because he was in Texas for a period of time before that. He wouldn't have had to be registered in Michigan? Not anymore because he was not considered to be living there because he was not employed there. Because that's kind of the problem with these jobs that are not traditional kind of jobs where one goes for six months for a period of time and lives somewhere else, which is exactly what he did. How long do you have to be working in a place to have to register? Under Michigan law, I guess. I don't know under Michigan law. What I can say under SORNA, which is what he was charged with violating, was within three days of when he was asked to notify the jurisdictions. You don't change your employment. I suppose you work for the Oakland A's and you go all over the country playing baseball. How long do you have to be in a state to be employed there? I think that is a factual call. If you work for the Oakland A's and you generally play baseball for the home team in California, that's one thing. But if you are in a farm club in Billings, Montana for the summer... I'm not talking about a farm club. But that's just going to play a game for a period of days doesn't change your employment. Over this baseball season, you spend... Three days. Right, but no, it doesn't change your employment because it's the location where you're employed. You only have to have one location, is that it? No, I don't believe so because the... That's why I said you go and you spend parts of the year in various states. True, but not parts of the year. I mean, you go, you have a day, travel day, you have a practice day, you play the game, you travel home. No, no, that's not the way it works. You're not a baseball fan. No, I'm a football fan, sorry. Well, that's what you do in football, but not in baseball. Yeah, that's probably not the way you do it in baseball. The issue here, though, is that the defense has to show that there was a clear error in the court's factual findings. And here, there's a two-pronged problem. The judge found not only that he resided in Montana, but that he was employed in Montana. And both of those are requirements under SORNA. So any time there was a change, when he moved from Texas to Montana, he was required to make that registration change and would be required to do that. If there are any other questions from this panel... It would have been nice to give him notice that he had to register. I'm not saying he was required to. I mean, sometimes this is the kind of case where it would have been nice to say, you know, you're supposed to register here. You probably don't understand that, instead of sending him to prison. Well, it's kind of an interesting situation. When Montana officials first contacted him after this bar fight, when he came to their attention, they found out he was a sex offender registered in Michigan. And his comment was, I haven't been here three days. So there's some knowledge on his part, obviously, that there's a requirement that wherever he goes, he needs to make some of those registration notifications to people. Because that is the purpose of SORNA, is that we know where people work, where they go to school, and where they live. So that people who have children in those areas can protect their families and to know where these people are who've got a registration requirement. How long ago was it, when he was 19, he had some kind of, something happened with a 15-year-old girl? Right. And under SORNA, then, he has a registration requirement for a period of time because what happened was he was given a probationary sentence, and that probationary sentence was revoked because he was unable to follow his probationary sentence, was sent back to prison on several occasions. And then his level of dangerousness, his tier designation, was increased to a high level of dangerousness based on that activity. That's somebody we want to know where they work and where they're staying. Are those sex offenses? No. They were failing to comply with, in terms of his probation, failing to report in, drinking violations, failing to attend treatment, those kinds of things. All right. Thank you. Thank you. I believe I only have 19 seconds left. I will give you 30. Thank you. Okay. A few points of clarification. At page 187 of the excerpts of records, you'll find the actual explanation of duties that Mr. Bardero signed in 2004. There is no comment on employment in there because, as Karen Johnson stated, employment has no bearing. In Michigan. In Michigan, which is all he knew. And I would also note that. This is a federal statute. It is a federal statute, and maybe there is a little more of a notice argument in there that I should have raised in a clearer fashion. But it is the idea that, as opposed to this individual, this individual is in compliance in Michigan, and they don't care if you work in Montana, as long as you come back to Michigan and keep your stuff. The problem with this whole Michigan argument is it doesn't matter what Michigan thinks. It's a federal statute. It either requires you to register in Montana or it doesn't, whatever Michigan or Mississippi or anyone else thinks. Indeed. It is an example of a federal statute that casts a broad net, and as far as the notice requirements, if they're going to be different from what is required in SORNA or Michigan or Montana, it would be nice if people were told about it, but they weren't. Thank you very much, Karen. Thank you. Case to argue will be submitted. The court will take a 10- or 15-minute recess at most. All rise.
judges: Reinhardt, Graber, Paez